IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:09-207-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Davinda Tonnellis Barber, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for relief under 28 U.S.C. § 2255. Defendant's only ground for relief contends that he is no longer a career offender in light of the Fourth Circuit Court of Appeals' decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The Government has responded in opposition, moving for summary judgment. An order was entered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Defendant of the process and importance of responding to a dispositive motion. Defendant has replied to the Government's motion, moving to dismiss the Government's motion. For the reasons below, the court denies Defendant's motion, grants the Government's motion and dismisses the § 2255 motion with prejudice.

**I. BACKGROUND**

On June 12, 2009, Defendant appeared before this court with counsel, and after a thorough Rule 11 proceeding, pleaded guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of crack, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.

On August 18, 2009, Defendant appeared with counsel for sentencing. The court overruled Defendant's objections to the Presentence Report (PSR) (which are not relevant to this motion), and

1

determined that Defendant was a career offender under U.S.S.G. § 4B1.1. Defendant's predicate offenses were a North Carolina conviction for possession with intent to deliver cocaine and second degree burglary. At sentencing, Defendant did not object to the use of either the drug conviction or the burglary offense as predicate offenses for the career offender enhancement. The court calculated Defendant's sentencing guideline range to be 262 to 327 months' imprisonment. Defendant was sentenced to 262 months' imprisonment, to be followed by ten (10) years' supervised release, and a $100 special assessment.

Defendant thereafter filed a timely notice of appeal. Counsel on appeal filed a brief in conformity with *Anders v. California*, 386 U.S. 738 (1967), and on September 21, 2010, the Fourth Circuit affirmed Defendant's conviction and sentence. *United States v. Barber*, 396 F. App'x 49 (4th Cir. 2010). Defendant thereafter sought a petition for writ of certiorari in the United States Supreme Court, which was denied. *United States v. Barber*, 131 S. Ct. 2131 (Apr. 18, 2011).

**II. GROUND ONE**

Defendant's only Ground for Relief is that his designation as a career offender under § 4B1.1 of the Guidelines is invalid because his North Carolina conviction for possession with intent to deliver cocaine is no longer a qualifying predicate offense after *Simmons*, *supra*. In response, the Government does not seek to enforce the waiver of post-conviction motions contained in Defendant's plea agreement.[1] However, the Government argues that Defendant is not entitled to

---

[1]Defendant entered into a written plea agreement with the Government wherein he waived his right to direct appeal and his right to file a § 2255 motion, except as to claims of ineffective assistance of counsel and/or prosecutorial misconduct. Specifically, Defendant's plea agreement contained the following language:
> The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the

2

relief because his designation as a career offender did not change the maximum statutory sentence to which Defendant was exposed, that the claim is procedurally defaulted, and that the Fourth Circuit's decision in *United States v. Pettiford*, 612 F.3d 270 (4th Cir. 2010), forecloses Defendant's argument. In Defendant's Response in Opposition, Defendant argues that he is "actually innocent" of being a career offender and that his Ground for Relief should be granted.

Even if Defendant's claim was not procedurally defaulted,[2] his position is foreclosed by the

> sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

Plea Agreement at 8 (ECF No. 165, filed June 12, 2009). The current motion does not assert either ineffective assistance of counsel or prosecutorial misconduct.

[2] A defaulted claim is typically barred from collateral review. *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 351 (2006); see also *United States v. Emanuel*, 869 F.2d 795, 796 (4th Cir.1989) (non-constitutional issues are deemed waived in a § 2255 motion if they were not raised on direct appeal). The Supreme Court has recognized an equitable exception to the bar, however, when a habeas applicant can demonstrate cause and prejudice, or when a miscarriage of justice would occur from a court's refusal to entertain the collateral attack. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004); *see also United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Id*. Actual prejudice is then shown by demonstrating that the error worked to Defendant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. *See Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir.1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)). "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *Mikalajunas*, 186 F.3d at 293.

The Supreme Court has held that an error of law, as distinguished from a constitutional error, is cognizable under § 2255 only if it "constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citation omitted). As to whether a miscarriage of justice would result from this court's failure to consider Defendant's claim, the Fourth Circuit has previously held that the actual innocence exception may be applied in § 2255 to noncapital sentencing proceedings. *United States v. Maybeck*, 23 F.3d 888, 892-94 (4th Cir. 1994); *see also Mikalajunas*, 186 F.3d at 494. However, "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010), *cert. denied*, 131 S. Ct. 620 (Nov. 15, 2010). *See also Mikalajunas*, 186 F.3d at 494. In this case, Defendant does

3

Fourth Circuit's decision in *United States v. Pettiford*, 612 F.3d 270 (4th Cir. 2010), *cert. denied*, 131 S. Ct. 620 (Nov. 15, 2010). In *Pettiford*, the Fourth Circuit held that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *Pettiford*, 612 F.3d at 284.

In this instance, Defendant does not argue, even in responding to the Government's motion to dismiss, that he is factually innocent of the North Carolina conviction. Instead, Defendant argues that the legal classification of the crime in question precludes his being classified as a Career Offender. This argument is unavailing in light of *Pettiford*.

### III. Conclusion

For the reasons noted above, Defendant's motion to dismiss is denied, and the Government's motion to dismiss is **granted**. Defendant's motion for relief under 28 U.S.C. § 2255 is **dismissed with prejudice**.

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

---

not maintain, even in responding to the Government's motion to dismiss, that he is factually innocent of the North Carolina drug conviction. Instead, Defendant argues that the legal classification of the crime in question precludes his being deemed a career offender. However, as noted above, "actual innocence" means that Defendant is innocent of the crime in question. *See Bousely v. United States*, 523 U.S. 614, 623 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency.").

The Fourth Circuit has been very clear as to what it deems to be "actual innocence" in the habitual offender context, and this court is bound to apply the law of this Circuit.

4

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 17, 2012